IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC - GREENBELT
'26 JUN 5 AM 11:01

|  |  |  |
|---|---|---|
| ROBERT DOUGLAS TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 26-cv-525-LKG |
| v. | ) | |
| | ) | Dated: June 5, 2026 |
| PETER JAMES FREDERICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER

On April 10, 2026, the Court directed Plaintiff Robert Douglas Turner to file an amended complaint. ECF No. 5. Turner filed his Amended Complaint on April 20, 2026, reasserting his claim that Defendant Peter James Frederick discriminated against him while he was admitted to Johns Hopkins Hospital ("JHH") by refusing him utensils for his meals. ECF No. 7. Turner has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF Nos. 2, 8. Because Turner appears indigent, his request to proceed without pre-payment of the filing fee is granted. The Court has reviewed the Amended Complaint with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria and, for the reasons that follow, it must be dismissed.

In his Amended Complaint, Turner alleges that between April 3 and 25, 2023, Dr. Peter James Frederick violated Turner's Equal Protection rights when he denied Turner eating utensils for every meal without reason. ECF No. 7 at 4. Turner claims that he had to eat with his hands despite not having threatened to harm himself while at JHH. *Id.* According to Turner, this was the only hospital visit during his incarceration in which he was denied utensils. *Id.* at 5. He asserts that he has never heard of any other prisoner being denied utensils "so it is obvious [Dr. Frederick] discriminated against [Turner] for being a prisoner." *Id.* Turner seeks damages. *Id.*

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a

claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought ..." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 555).

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to screen the Amended Complaint and to dismiss any complaint if it (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Turner was previously notified that to state a claim under the Equal Protection Clause he needed to show that he was unreasonably being treated differently than similarly situated people. *See* ECF No. 5 at 1-2. The Amended Complaint fails to raise Turner's claim above a speculative level. Although he asserts that he is being treated differently from other prisoners, his basis for such a statement is merely that he has never heard of any other prisoners being denied utensils while admitted to a hospital. ECF No. 7 at 5. Turner also states that he is being discriminated against because he is a prisoner, but fails to plead facts showing that he is being treated differently than non-prisoner patients at JHH. *See id.* at 6. As such, Turner's Amended Complaint fails to state any claim for relief.

Turner is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724

(2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

Accordingly, it is this 5th day of June, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Turner's Motions to Proceed in Forma Pauperis (ECF Nos. 2, 8) ARE GRANTED;

2. The Amended Complaint IS DISMISSED without prejudice for failure to state a claim;

3. The Clerk SHALL PROVIDE a copy of this Memorandum Order to Turner; and

4. The Clerk SHALL CLOSE this case.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
United States District Judge